UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LIVIA M. SCOTTO,

       Plaintiff,

v.                                              Case No. 8:18-cv-1664-T-23MAP

M. DYER AND SON'S, *et al.*,

       Defendants.
_____/

**<u>REPORT AND RECOMMENDATION</u>**

Before the Court is *pro se* Plaintiff's motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and her affidavit of indigency (doc. 2). Plaintiff is not a newcomer to federal court; since 2016, she has filed 20 cases in the Middle District of Florida, each time proceeding *pro se* against some of the same Defendants.

Under 28 U.S.C. § 1915(e)(2), the Court shall, "notwithstanding any filing fee, or any portion thereof, that may have been paid," dismiss a case that is frivolous or fails to state a claim. I find Plaintiff's case is subject to dismissal under the *in forma pauperis* statute. As discussed below, I recommend the District Judge deny Plaintiff's application to proceed in district court without prepaying fees or costs (docs. 2) and dismiss Plaintiff's complaint (doc. 1).

Section 1915 represents a balance between facilitating an indigent person's access to the courts and curbing the potentially vast number of suits by such persons, who, unlike those who must pay to litigate their claims, have no economic disincentive to filing frivolous or malicious suits once the *in forma pauperis* status is granted. A district court may conclude a case has little or no chance of success and dismiss the complaint when it determines from the face of the complaint that the

factual allegations are "clearly baseless" or the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)(citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)); 28 U.S.C. § 1915(e)(2)(B). A complaint is "frivolous if it lacks an arguable basis in law or in fact." *Neitzke*, 490 U.S. at 325. Moreover, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" *Hagans v. Levine*, 415 U.S. 528, 536-37 (1974)(citation omitted).

The *in forma pauperis* statute is designed to ensure "that indigent persons have access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997). The right to file *in forma pauperis* in civil matters is not absolute, it is a "privilege extended to those unable to pay filing fees...." *Startti v. United States*, 415 F.2d 1115 (5th Cir. 1969).[1] In ruling on a request to proceed *in forma pauperis*, a court must analyze a movant's assets and liabilities.

Plaintiff filed an affidavit of indigency that lists her assets and liabilities and establishes her indigence for purposes of the *in forma pauperis* statute. While this Court is mindful that a *pro se* Plaintiff's pleading must be construed liberally by the Court, the Court finds Plaintiff's "complaint" fails to state a claim against Defendants. For Plaintiff to state a claim for relief, "a complaint ... does not need detailed factual allegations, ... [but] a plaintiff's obligation to provide the 'grounds' of [her] 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* at 555. A

---

[1] The Eleventh Circuit in an *en banc* decision, *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

plaintiff must plead enough facts to state a plausible basis for the claim. *Id.* A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Plaintiff's ninety-six page "complaint" identifies at least twenty-eight "defendants" and lists causes of action such as property loss, cargo stranding, bank deposit, disgorgement, premise liability, cargo robbery, deceit of content of attorney, legal malpractice, data breech misrepresentation, defamation, libel, slander, perjurious intentional inflictions, and irreparable emotional harm. But Plaintiff has not provided any factual allegations explaining her causes of action, and has failed to satisfy her obligation to provide the grounds for entitlement to relief. Pages six through seven of the "complaint" are reproductions of a "Claim for Damage, Injury, or Death" Department of Justice Form 95 dated February 7, 2014, that mention bankruptcy, fraud, intellectual property theft, sexual assault, bank wire fraud, wrongful death, poisoning, and rottweiller and pit bull dog attacks. These forms, however, do not provide any details or contextual support for her causes of action.

Additionally, I cannot discern a basis for the Court's subject matter jurisdiction in this case. And I cannot discern the basis for federal district court jurisdiction. A district court may exercise diversity jurisdiction only if no two adverse parties are citizens of the same state. *Ranbaxy Labs. Inc. v. First Databank, Inc.*, 826 F.3d 1334, 1338 (11th Cir. 2016)(citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)). But Plaintiff does not allege the citizenship of Defendants. Regarding diversity jurisdiction, 28 U.S.C. § 1332 grants federal district courts jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

I conclude that Plaintiff's filing is wholly insubstantial and utterly devoid of merit. It is

3

rambling and impossible to understand. Because I find that Plaintiff's filing is frivolous and amendment would be futile, I recommend that Plaintiff's complaint be dismissed.

Accordingly, I recommend:

1. Plaintiff's application to proceed in district court without prepaying fees or costs (doc. 2) be **DENIED**; and

2. Plaintiff's complaint (doc. 1) be **DISMISSED**.

IT IS SO REPORTED at Tampa, Florida on July 18, 2018.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.